## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

SAUNDRA D. GORDON        :      **CASE NO. C2-04-172**
     **Plaintiff,**

                                :      **JUDGE SARGUS**

     **vs.**

                                  :      **MAGISTRATE JUDGE KING**

**CITY OF COLUMBUS,**            :
     **Defendant.**

## OPINION AND ORDER

This case is before the Court for consideration of Defendant's Motion for Summary Judgement (Doc. #15). For the reasons that follow, the Motion is **GRANTED** as to Plaintiff's claims arising under federal law, and the Court declines to exercise supplemental jurisdiction as to her state-law claims.

### I.

Plaintiff, Saundra D. Gordon, brings this action against her former employer, Defendant, the City of Columbus. Plaintiff is an African-American female, over the age of forty, who was fired by the Defendant on September 24, 2002. Plaintiff asserts claims of racial and sexual discrimination under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, as well as state law claims of breach of contract, intentional infliction of emotional distress, defamation and retaliation.

Most of the facts of this case are not in dispute. Plaintiff was employed by the City of Columbus in the Recreation and Parks Division as a Parks Maintenance Supervisor I until her termination. On February 27, 2002, Plaintiff aggravated a previous chest-strain injury and left

work.  Plaintiff applied for leave for her injury, which the City of Columbus denied on March 28, 2002.  Pursuant to the terms of the Collective Bargaining Agreement entered into by the City of Columbus and the American Federation of State, County and Municipal Employees Ohio Council 8 ("AFSCME"), Plaintiff filed a grievance regarding the denial of her request for injury leave.

On May 3, 2002, the City of Columbus and AFSCME entered into a Settlement Agreement ("Agreement") to resolve the grievance concerning Plaintiff's request for injury leave.  The terms of the Agreement provided that the City would pay Plaintiff up to sixty (60) days of injury leave beginning February 27, 2002.  The Agreement further provided that Plaintiff was not entitled and would not collect wage replacement payments from the Ohio Bureau of Workers' Compensation ("BWC") for the time that the City paid her for injury leave.  The Agreement also required Plaintiff to return any payments she received from the BWC for the time period covered by the settlement.  On May 20, 2002, the parties executed an addendum to the Agreement, which provided for additional injury leave for Plaintiff.

Plaintiff received and cashed checks from the BWC for wage-loss benefits that covered the same period of time for which she was paid injury leave by the City of Columbus.  When the City learned that Plaintiff had cashed the BWC checks rather than returning them as the Agreement required, the City's Department of Human Resources investigated the matter.  During the investigation, Robert Thornton interviewed Plaintiff.  Plaintiff told Thornton that Cheryl Cunningham at the BWC told her it was proper to cash the checks.  When Thornton followed up with Cunningham, however, she reported that Plaintiff had contacted her, but only because Plaintiff wanted to know when the next check would be issued.

Plaintiff was charged with dishonesty and insubordination. A pre-disciplinary hearing took place on September 24, 2002 before Hearing Officer Amy Beach. At the end of the hearing, Ms. Beach ordered Plaintiff's employment terminated. This lawsuit subsequently followed.

## II.

The procedure for considering whether summary judgment is appropriate is found in Fed. R. Civ. P. 56( c ). This section provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. Kress & Co.*, 398 U.S. 144, 158-59 (1970). Summary judgement will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgement is appropriate however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Matsushita Electronic Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The Sixth Circuit has recognized that *Liberty Lobby*, *Celotex*, and *Matsushita* have effected "a decided change in summary judgment practice," ushering in a "new era" in summary judgements. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir. 1989).

In responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'resent affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Id.* (quoting *Liberty Lobby,* 477 U.S. at 257). The nonmoving party must adduce more than a mere scintilla of evidence in order to overcome the summary judgment motion. *Id.* It is not sufficient for the nonmoving party to merely "show that there is some metaphysical doubt as to the material facts.'" *Id.* (quoting *Matsushita*, 475 U.S. at 586). Moreover, "[t]he trial court no longer has the duty to search the entire record to establish that is it bereft of a genuine issue of material fact." *Id.* That is, the nonmoving party has an affirmative duty to direct the Court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact.

### III.

The Court first addresses the federal claims brought under Title VII.

**A.    Racial Discrimination**

Plaintiff claims that the City of Columbus discriminated against her in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, which make it unlawful "to discharge any individual . . . because of such individual's race . . . . " 42 USC §2000e-2. Federal courts, however, "do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can reasonably be expected to grow out of the EEOC charge." *Abeita v. TransAmerica Mailings*, 159 F.3d 246, 354 (6th Cir. 1998) (*citing Ang v. Procter & Gamble Co.*, 932 F.2d 540, 544-45 (6th Cir. 1991)). Plaintiff's application before the EEOC indisputably demonstrates that she sought relief in the administrative

-4-

agency for discrimination based on sex and retaliation. (See Complaint, Exh. B, showing that the boxes for "sex" and "retaliation" are checked.) Based on the evidence before the Court, Plaintiff did not exhaust a claim for race-based discrimination. For these reasons, Defendant's Motion for Summary Judgment is granted as to Plaintiff's claim of race-based discrimination.

**B.      Sex-Based Discrimination**

Plaintiff also claims sex-based discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Civil Right Act of 1991, which make it unlawful "to discharge any individual . . . because of such individual's . . . sex . . . ." 42 USC §2000e-2. Defendant, the City of Columbus, argues that summary judgment is appropriate in its favor on Plaintiff's claim of sex discrimination.

The Court scrutinizes Title VII cases under a well-established analytical framework. The prevailing law is that a Title VII claimant has the burden of establishing by a preponderance of the evidence a *prima facie* case of sex discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). A plaintiff may establish a *prima facie* case of discrimination by presenting direct evidence of intentional discrimination by the defendant. *Terbovitz v. Fiscal Court*, 825 F.2d 111, 114-5 (6th Cir. 1987). In the absence of direct proof of discriminatory intent, however, a plaintiff may establish a *prima facie* case of discrimination by showing by a preponderance of the evidence: (1) that she is a member of a protected group; (2) that she was subject to an adverse employment decision; (3) that she was qualified for the position; and (4) that she was replaced by a person outside the protected class or a similarly-situated individual was treated more favorably. *Talley v. Bravo Pinto Restaurant, Ltd.*, 61 F.3d 1241, 1246 (6th Cir. 1995).

If a *prima facie* case is successfully proved, the burden shifts to the employer to "articulate some legitimate, nondiscriminatory reason for the employee's discharge." *McDonnell Douglas*, 411 U.S. at 802. The employer's burden is satisfied if it simply explains what is has done or produces evidence of legitimate non-discriminatory reasons. *Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 256 (1981). If the defendant produces sufficient evidence of legitimate non-discriminatory reasons for its actions, then the burden shifts back to the claimant, who is afforded an opportunity to show that the defendant's articulated reasons for the termination were pretextual. *McDonnell Douglas*, 411 U.S. at 804. Pretext is established through a "direct showing that a discriminatory reason more likely motivated the employer or by an indirect showing that the employer's explanation is not credible." *Kline v. TVA*, 128 F.3d. 337, 343-343 (6th Cir. 1997)(citing *Burdine*, 450 U.S. at 256). However, rejection of the employer's justification for the discrimination does not necessarily compel judgment for the plaintiff. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 146 (2000) (*citing St. Marys Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993)). "It is not enough, in other words, to disbelieve the employer; the factfinder must believe the plaintiff's explanation of intentional discrimination." *St. Marys Honor Ctr.*, 509 U.S. at 519. The trier of fact may, however, "infer the ultimate of discrimination from the falsity of the employers explanation." *Reeves*, 530 U.S. at 147. Taken together, the plaintiffs prima facie case of discrimination, along with evidence that the employer's justification is false, "may permit the trier of fact to conclude that the employer unlawfully discriminated." *Id.* at 148.

Defendant, the City of Columbus, contends that Plaintiff has failed to prove a *prima facie* case of sexual discrimination, and thus summary judgment is appropriate on this claim as well.

The Court agrees. Plaintiff has failed to prove by a preponderance of the evidence that she was replaced by a person outside the protected class. Plaintiff does not allege that a person from outside the protected class filled her position. Moreover, Plaintiff has failed to identify any individual who engaged in conduct similar to that for which her employment was terminated.

To survive Defendant's challenge under Rule 56, Plaintiff must prove that she was treated less favorably than similarly situated individuals. Plaintiff has not met that burden. She simply alleges that other male employees were treated more favorably but does not identify any particular comparable male employee. (Complaint ¶ 40.) Plaintiff has not alleged and the evidence does not demonstrate that another male employee who violated the terms of a settlement agreement retained his employment with the City of Columbus. Because Plaintiff has failed to demonstrate a *prima facie* case with either direct or circumstantial proof, Defendant's Motion for Summary Judgment is granted as to Plaintiff's sex-based discrimination claim.

**C.     State Law Claims**

Because the Court disposes of all of Plaintiff's federal claims by this Order, the Court declines to exercise supplemental jurisdiction over their state law claims pursuant to 28 U.S.C. § 1367(c)(3). Consequently, Plaintiff's state law claims are **DISMISSED** without prejudice. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)("If the federal claims are dismissed before trial ... the state law claims should be dismissed as well."); *Brandenburg v. Housing Auth. of Irvine*, 253 F.3d. 891, 900 (6th Cir. 2001).

**IV.**

In light of the foregoing, Defendant's Motion for Summary Judgment (Doc. # 15) is

**GRANTED**.  Plaintiff's remaining state law claims are **DISMISSED WITHOUT PREJUDICE**.

The Clerk is directed to enter judgment according and to terminate this case.

**IT IS SO ORDERED.**

_____11 ~ 7 ~ 2005_____
**DATED**

_____
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**